IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

7827 TENNIS ENTERPRISES, INC.,

        Plaintiff,

v.                                CIVIL ACTION NO. 3:25-0160

APPALACHIAN SPRAY FOAM SOLUTION, L.L.C.,
CODY HUNLEY,
CHASE HUNDLEY, and
PROFOAM CORPORATION,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants Appalachian Spray Foam Solution, L.L.C., Cody Hunley, and Chase Hunley's Motion to Dismiss (ECF No. 59, Defs.' Mot.). The Motion asks the Court to dismiss the Hunley defendants and dismiss Counts IV–VI of Plaintiff 7827 Tennis Enterprises, Inc.'s Second Amended Complaint. *See* Defs.' Mot. 1. For the reasons stated below, the Court **DENIES** the Motion.

**BACKGROUND**

According to Plaintiff's Second Amended Complaint, Cody and Chase Hunley are owners of Appalachian. *See* ECF No. 13, 2d Am. Compl. ¶¶ 3–4. Plaintiff alleges it contracted with Appalachian and the Hunleys ("Appalachian Defendants") "for the application of a roof acrylic coating to be applied to Plaintiff's . . . roof." *Id.* ¶ 9. Plaintiff claims the contract included a ten-year warranty for a "Enduacoat Roof Acrylic Coating . . . ." *Id.* ¶ 13.

Plaintiff alleges its roof leaked after Appalachian Defendants completed the work, and that they "refused to remedy" the leaks. *Id.* ¶ 16; *see id.* ¶¶ 14–15. According to Plaintiff, Appalachian

Defendants then "informed Plaintiff that the warranty was not from Enduracoat, but was rather from Armor Coat Roof Coatings . . . ." *Id.* ¶ 17. Plaintiff says, when it "contacted Armor Coat Roof Coatings," it "was told that [Armor Coat] has never dealt with Defendants, that it has never shipped anything to West Virginia . . ., and that its product is only effective in low-humidity climates of the southwestern United States." *Id.* ¶ 18.

The Second Amended Complaint raises claims of breach of contract, breach of express warranty, breach of implied warranty, and fraud.[1] *See id.* ¶¶ 22, 25–26, 29–30, 33, 35.

## LEGAL STANDARD

While Appalachian Defendants style their Motion as a motion to dismiss, the Court must construe it as a motion for judgment on the pleadings since it was filed after Appalachian Defendants filed their answer. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *see also* Fed. R. Civ. P. 12(b) ("A motion asserting [the failure to state a claim] must be made before pleading if a responsive pleading is allowed.").

"A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013). To survive a 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. While the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations omitted) (quoting *Conley v. Gibson*, 3a55 U.S. 41, 47 (1957)).

---

[1] The Second Amended Complaint also raises a negligence claim. *See* 2d Am. Compl. ¶¶ 38–39. The Court understands this claim to be brought against Defendant Profoam Corporation, not Appalachian Defendants. *See id.*

"Generally, in evaluating judgment on the pleadings, a court is limited to the contents of pleading documents, documents attached to the pleadings, and matters sufficiently incorporated by reference." *Jones v. Penn Nat. Ins. Co.*, 835 F. Supp. 2d 89, 93 (W.D.N.C. 2011) (internal citations omitted). Accordingly, the Court will disregard the voluminous materials attached to the parties' briefings and consider Appalachian Defendants' Motion only with regards to Plaintiff's Second Amended Complaint.

## ANALYSIS

Appalachian Defendants argue the Hunleys should be dismissed because they are not liable for Appalachian's debts under West Virginia law. *See* ECF No. 60, Defs.' Mem. 4. They also argue Plaintiff's fraud claim should be dismissed under the "gist of the action" doctrine. *See id.* at 5. Finally, they argue Counts IV and V should be dismissed because (1) Plaintiff is not a "consumer" as the term is defined in the West Virginia Consumer Credit and Protection Act (WVCCPA) and (2) Plaintiff did not send Appalachian Defendants a right-to-cure notice before filing this action. *See id.* at 8. The Court addresses each argument in turn.

### I.    Plaintiff Has Stated a Claim Against the Hunleys

Appalachian Defendants argue the Hunleys should be dismissed because they were not parties to the contract at issue. *See id.* at 4. They note that, under West Virginia law, "the debts, obligations, and liabilities of a limited liability company, whether arising in contract, tort, or otherwise, are solely the debts, obligations, and liabilities of the company." W. Va. Code § 31B-3-303(a).

But according to the Second Amended Complaint, the Hunleys *were* parties to the roof-coating contract. *See* 2d Am. Compl. ¶ 9 ("Plaintiff contracted, in writing, with Appalachian

Sp[r]ay Foam Solution, Cody Hunley, and Chase Hunley for the application of a roof acrylic coating . . . .”). Accordingly, they may have liability independent of Appalachian's.

## II.    The Gist of the Action Doctrine Does Not Bar Plaintiff's Fraud Claim

"[U]nder the 'gist of the action' doctrine, a tort claim arising from a breach of contract may be pursued only if the action in tort would arise independent of the existence of the contract." *Gaddy Eng'g Co. v. Bowles Rice McDavis Graff & Love, LLP*, 746 S.E.2d 568, 577 (W. Va. 2013) (quoting *Backwater Props., LLC v. Range Res.-Appalachian, LLC*, Civ. A. No. 1:10CV103, 2011 WL 1706521, at *6 (N.D. W. Va. May 5, 2011). Appalachian Defendants claim this doctrine applies here, arguing "Plaintiff has not plead [sic] a standalone cause of action for [fraud], but simply re-stated its breach of contract claims." Defs.' Mem. 6.

The Court disagrees. As Plaintiff points out, the alleged fraud "in this case arises from pre-contract misrepresentations, and thus, it exists independent of the contract." ECF No. 63, Pl.'s Resp. 4. Plaintiff's claim that Appalachian Defendants misrepresented the contract warranty is distinct from its claim that Appalachian Defendants breached the contract by failing to reasonably complete the roof-coating work. *See* 2d Am. Compl. ¶¶ 22, 33. Thus, the "gist of the action" doctrine does not apply.

## III.    The WVCCPA Has No Bearing on Counts IV and V

Finally, Appalachian Defendants argue that two provisions of the WVCCPA compel dismissal of Counts IV and V. *See* Defs.' Mem. 8. The first is the WVCCPA's definition of "consumer" as a "natural person . . . ." W. Va. Code § 46A-1-101(12); *see* Defs.' Mem. 8. The second is the WVCCPA's requirement that a plaintiff send the defendant a notice of right to cure before suing under the WVCCPA. *See* W. Va. Code § 46A-5-108(a); Defs.' Mem. 9. According to Appalachian Defendants, these provisions apply because "Count[s] IV and V of Plaintiff's

Complaint appear[] to be brought pursuant to the WVCCPA." Defs.' Mem. 8. But nothing in the Second Amended Complaint suggests as much. *See generally* 2d Am. Compl.; *see also* Pl.'s Resp. ("[N]o claims have been made pursuant to the [WVCCPA]."). Accordingly, the WVCCPA's requirements do not apply.

## CONCLUSION

The Court **DENIES** Defendants Appalachian Spray Foam Solution, L.L.C., Cody Hunley, and Chase Hunley's Motion to Dismiss (ECF No. 59).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:       June 22, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE