**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

7827 TENNIS ENTERPRISES, INC.,

        Plaintiff,

v.                                     CIVIL ACTION NO. 3:25-0160

APPALACHIAN SPRAY FOAM SOLUTION, L.L.C.,
CODY HUNLEY,
CHASE HUNDLEY, and
PROFOAM CORPORATION,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Three of the defendants in this case—Appalachian Spray Foam Solution, L.L.C., Cody Hunley, and Chase Hunley—filed what they titled a "Motion to Dismiss." *See* ECF No. 59, at 1. The Court, applying the legal standard for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), denied the Motion. *See* ECF No. 68, at 2, 5. Appalachian and the Hunleys then filed a Motion to Reconsider This Court's June 22, 2026 Order or, in the Alternative, to Amend its Scheduling Order to Allow the Defendant to File a Motion for Summary Judgment (ECF No. 70, Defs.' Mot.). According to the Motion, "counsel for the Defendant[s] inadvertently filed Defendants' Motion as a Motion to Dismiss rather than what it actually was[:] a Motion for Summary Judgment." Defs.' Mot. 1. The Motion asks the Court "to reconsider its order" denying the Motion to Dismiss "and to treat the Motion [to Dismiss] as a Motion for Summary Judgement [sic]." *Id.* The Motion alternatively requests that the Court modify its Amended Scheduling Order to give Appalachian and the Hunleys an opportunity to file a summary-judgment motion. *See* ECF No. 71, Defs.' Mem. 3–4.

Plaintiff 7827 Tennis Enterprises, Inc. filed a Response opposing the Motion to Reconsider. *See* ECF No. 74. Appalachian and the Hunleys did not file a reply. *See* ECF No. 72 (directing the defendants to file a reply on or before July 6, 2026).

## I.    Request to Reconsider

"[A] court may revise an interlocutory order" because of "(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *United States Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 257 (4th Cir. 2018) (quoting *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320 (4th Cir. 2017)). Neither the first nor second prong applies in this case.

Meanwhile, "[a] prior decision does not qualify for th[e] third exception by being 'just maybe or probably wrong . . . .'" *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, Nos. 92-2355, 92-2437, 1995 WL 520978, at *5 n.6 (4th Cir. Sept. 5, 1995) (unpublished)). "It must be 'dead wrong.'" *Id.* (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)). That standard is not satisfied here. Appalachian and the Hunleys not only styled their Motion as a motion to dismiss but included a thorough explanation of the 12(b)(6) standard in their Memorandum of Law. *See* ECF No. 60, at 1–4. The Court therefore did not err in treating the Motion as a motion to dismiss.

## II.    Request to Modify Schedule

Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause . . . ." "[G]ood cause exists where the moving party has diligently made efforts to meet court imposed deadlines." *Tawwaab v. Ca. Linen. Serv., Inc.*, 729 F. Supp. 2d 757, 768 (D. Md. 2010). Here, Appalachian and the Hunleys seem to argue there is good cause to modify the Court's

Amended Scheduling Order because both the defendants and Plaintiff "treated the Motion to Dismiss as a Motion for Summary Judgment." Defs.' Mem. 3. But this has little to do with the defendants' diligence.[1] Since Appalachian and the Hunleys have failed to establish good cause, the Court will deny their request to modify the Amended Scheduling Order.

*          *          *

The Court **DENIES** Defendants, Appalachian Spray Foam Solutions, LLC, Cody Hunley and Chase Hunley's Motion to Reconsider This Court's June 22, 2026 Order or, in the Alternative, to Amend its Scheduling Order to Allow the Defendant to File a Motion for Summary Judgment (ECF No. 70). The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        July 7, 2026

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[1] The defendants' lack of diligence is apparent from their misstyling of their Motion and their citation to the wrong legal standard.