## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

7827 TENNIS ENTERPRISES, INC.,

Plaintiff,

v.                                                           CIVIL ACTION NO. 3:25-0160

APPALACHIAN SPRAY FOAM SOLUTION, L.L.C.,
CODY HUNLEY,
CHASE HUNDLEY, and
PROFOAM CORPORATION,

Defendants.

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Profoam Corporation's Motion *in Limine* to Exclude

Hearsay Statements (ECF No. 80, Def.'s Mot.). For the reasons stated below, the Court **GRANTS**

the Motion.

### BACKGROUND

Plaintiff 7827 Tennis Enterprises, Inc. operates a tennis facility in West Virginia. *See* ECF

No. 13, 2d Am. Compl. ¶ 1; ECF No. 61, Ex. 2, Aldridge Dep. 9–10. After the facility's ceiling

began leaking when it rained, Plaintiff's owner, Todd Aldridge, contacted Defendant Appalachian

Spray Foam Solution, L.L.C. about installing an acrylic coating system on the roof. *See* Aldridge

Dep. 5, 13, 17–18, 21, 29. Defendants Cody and Chase Hunley are the owners of Appalachian.

*See* ECF No. 61, Ex. 1, at 10.

Appalachian agreed to apply primer, putty, and an acrylic coating to the roof. *See* ECF No.

61, Ex. 4, at 1. The contract between Appalachian and Plaintiff stated Appalachian would provide

an "Enduracoat Roof Acrylic Coating" with a "10yr Warranty." *Id.* Appalachian purchased

products for the work from Profoam. *See* ECF No. 64, Ex. A. The leaks in the facility returned soon after Appalachian completed its work. *See* Aldridge Dep. 58.

Plaintiff sued Appalachian and the Hunleys in state court. *See* ECF No. 1, Ex. F 86. After Appalachian and the Hunleys removed the case to federal court, Plaintiff filed a Second Amended Complaint naming Profoam as a defendant. *See* 2d Am. Compl. The Second Amended Complaint raises claims of breach of contract, breach of express warranty, breach of implied warranty, fraud, and negligence. *See id.* at 3–5.

During his deposition, Mr. Aldridge said he spoke to a representative for Armor Coat. *See* Alridge Dep. 46. He said he asked her whether the company "had a record of [Armor Coat] being delivered to [his] facility or to Appalachian Spray Foam or to Cody Hunley." *Id.* According to Mr. Aldridge, the representative "said there was no record." *Id.* Mr. Aldridge further testified that the representative said "[w]e do not recommend that [Armor Coat] be used in areas like [West Virginia] because of high humidity situations during the summer." *Id.* at 111.

Profoam's Motion asks the Court to exclude this testimony during trial. *See* Def.'s Mot. 4. Profoam argues the testimony includes inadmissible hearsay and should be excluded under Federal Rule of Evidence 403. *See id.* at 2–3.

**ANALYSIS**

7827 Tennis claims it would not offer the Armor Coat representative's statements for the truth of the matter asserted. *See* ECF 85, Pl.'s Resp. 2. It says it would instead offer the statements to (1) "highlight the general confusion between Defendants" about what brand of coating Appalachian purchased from Profoam and applied to Plaintiff's roof and (2) "show why [Mr.] Aldridge began to question the product and its application." *Id.*

The Court will not admit the representative's statements on this basis. Neither Defendants' confusion nor Mr. Aldridge's doubt is relevant to 7828 Tennis's claims. They do not make it any more likely that Defendants breached a contract or warranty, committed fraud, or acted negligently. *See* Fed. R. Evid. 401.

7827 Tennis also argues the statements should be admitted under Federal Rule of Evidence 803(7). *See* Pl.'s Resp. 3. Rule 803(7) provides that "evidence that a matter is not included in a record" of a regularly conducted business activity is not hearsay if "(A) the evidence is admitted to prove that the matter did not occur or exist; (B) a record was regularly kept for a matter of that kind; and (C) the opponent does not show that the possible source of the information or other circumstances indicate a lack of trustworthiness." Here, 7827 Tennis has not offered any evidence showing Armor Coat normally kept records of where it shipped its products. In addition, Profoam has shown the representative's statements are untrustworthy. As Profoam points out, a "direct-shipment purchase order" shows product "was shipped from Armor Coat to Appalachian . . . ." ECF No. 91, at 5; Pl.'s Resp., Ex. D. Mr. Aldridge himself testified that the purchase order contradicted the representative. *See* Aldridge Dep. 113. Accordingly, Rule 803(7) does not apply.

Finally, 7827 Tennis claims Federal Rule of Evidence 807 applies to the statements. *See* Pl.'s Resp. 3. Under Rule 807, a "hearsay statement is not excluded by the rule against hearsay" if:

> (1) the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and

> (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

Here, the statements are not supported by sufficient guarantees of trustworthiness. The purchase order contradicts the representative's claim that Armor Coat had no record of a shipment. In

addition, Plaintiff has offered no evidence corroborating his description of the phone call. Finally, nothing in the record shows the representative was qualified to discuss Armor Coat's performance in humid conditions. The Court will not admit the statements under this exception.

If 7827 Tennis used the representative's statements to prove the truth of the matter asserted, the statements would be hearsay to which no exception applies. If 7827 Tennis used the statements for a different purpose, they would be irrelevant. Accordingly, the Court will exclude the statements.

## CONCLUSION

The Court **GRANTS** Defendant Profoam's Motion *in Limine* to Exclude Hearsay Statements (ECF No. 80). The Court **ORDERS** Plaintiff not to introduce or elicit testimony about the Armor Coat representative's statements.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        August 4, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE