**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

7827 TENNIS ENTERPRISES, INC.,

                Plaintiff,

v.                                      CIVIL ACTION NO. 3:25-0160

APPALACHIAN SPRAY FOAM SOLUTION, L.L.C.,
CODY HUNLEY,
CHASE HUNDLEY, and
PROFOAM CORPORATION,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Profoam Corporation's Motion to Exclude Plaintiff's Untimely Post-Discovery Roof Replacement Opinion and Repair Estimate (ECF No. 81, Def.'s Mot.). For the reasons stated below, the Court **GRANTS** the Motion.

**BACKGROUND**

Plaintiff 7827 Tennis Enterprises, Inc. operates a tennis facility in West Virginia. *See* ECF No. 13, 2d Am. Compl. ¶ 1; ECF No. 61, Ex. 2, Aldridge Dep. 9–10. After the facility's ceiling began leaking when it rained, Plaintiff's owner, Todd Aldridge, contacted Defendant Appalachian Spray Foam Solution, L.L.C. about installing an acrylic coating system on the roof. *See* Aldridge Dep. 5, 13, 17–18, 21, 29.

Appalachian agreed to apply primer, putty, and an acrylic coating to the roof. *See* ECF No. 61, Ex. 4, at 1. Appalachian purchased products for the work from Profoam. *See* ECF No. 64, Ex. A. The leaks in the facility returned soon after Appalachian completed its work. *See* Aldridge Dep. 58.

Plaintiff sued Appalachian and its owners in state court. *See* ECF No. 1, Ex. F 86. After Appalachian removed the case to federal court, Plaintiff filed a Second Amended Complaint naming Profoam as a defendant. *See* 2d Am. Compl. The Second Amended Complaint raises claims of breach of contract, breach of express warranty, breach of implied warranty, fraud, and negligence. *See id.* at 3–5.

7827 Tennis's initial disclosure stated "[d]amages would be the contract price of $79,425.00 together with damages loss of business, loss of use, annoyance and inconvenience, future repairs, with punitive damages and attorney fees for the fraud count." ECF No. 92, Pl.'s Resp., Ex. A.

Profoam asserts 7827 Tennis identified Jason Chandler Lewis as a non-retained expert on February 9, 2026. *See* ECF No. 82, Def.'s Mem. 1. According to Profoam, the disclosure stated Lewis "was expected to narrowly testify that the application of spray foam was faulty or that the wrong coating was used . . . ." *Id.* at 1–2 (internal quotation marks omitted).

On July 21, 2026, 7827 Tennis sent Defendants its pretrial disclosures. *See* ECF No. 77. According to Profoam, the disclosures included a report prepared by Mr. Lewis's company, Southern Ohio Renovations LLC. *See* Def.'s Mem. 3. The report opines that Plaintiff's "roof and underlying insulation would need to be replaced to guarantee a proficient solution to the damage to the roof." Def.'s Mot., Ex. 4, at 4. The report estimates replacing the roof and insulation would cost $712,254. *See id.* at 6.

In a subsequent disclosure, 7827 Tennis clarified it was not seeking damages for the roof replacement. *See* Pl.'s Resp., Ex. C. It instead claimed it was seeking "$327,760 for removal of the membrane applied by Defendants," and "$131,500 for replacement of the insulation damaged by the leaks . . . ." *Id.*

Profoam's Motion claims the new report was untimely disclosed and should therefore be excluded from trial. *See* Def.'s Mot. 1.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(1) requires parties to a litigation to provide "initial disclosures" to the other parties. As part of an initial disclosure, a party must provide "a computation of each category of damages claimed." Fed. R. Civ. P. 26(a)(1)(A)(iii).

Federal Rule of Civil Procedure 26(a)(2), meanwhile, requires parties to disclose "a summary of the facts and opinions to which" each of its expert witnesses "is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(ii).

"If a party fails to provide information . . . as required by Rule 26(a) . . ., the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In deciding whether a failure to disclose was substantially justified or harmless, the Court must consider "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

## ANALYSIS

7827 Tennis did not comply with Rule 26(a)'s disclosure requirements. Its Rule 26(a)(1) disclosure failed to compute several categories of damages, including damages for future repairs. In addition, 7827 Tennis's Rule 26(a)(2) disclosure did not indicate Mr. Lewis or his company would offer an opinion about damages.

Plaintiff argues it complied with Rule 26 because it eventually supplemented its disclosures pursuant to Federal Rule of Civil Procedure 26(e). *See* Pl.'s Resp. 2–3. The Court disagrees. Rule 26(e) provides that "[a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." Nothing in Rules 26(a), 26(e), or 37(c) suggests a supplemental disclosure can cure noncompliance with Rule 26(a), and Plaintiff has cited no authority to that effect.

Accordingly, the Court must determine whether 7827 Tennis's untimely disclosures were substantially justified or harmless. Considering the factors set out in *Sherman-Willaims*, the Court concludes they were not.

*First*, the new calculations and opinions were a surprise to Profoam. 7827 Tennis's reference to "future repairs" in its initial disclosure could not have put Profoam on notice that Mr. Lewis or his company would offer a post-discovery opinion dramatically altering Plaintiff's repair cost. Nor did it give Profoam any indication that 7827 Tennis would calculate its future-repair damages to include "removal of . . . membrane" and "replacement of . . . insulation."

*Second*, curing the surprise would likely require substantial additional discovery. 7827 Tennis argues that, because it is only "claiming damages for the removal of what Defendants applied and replacement of the insulation," there is no "need for a new inspection and any new reports . . . ." Pl.'s Resp. 4. It says "a short supplemental deposition would be all that is needed." *Id.* Profoam disagrees. *See* ECF No. 95, at 5. It argues it "would need complete quotes and source calculations, discovery from the persons who prepared them, as well as an opportunity to have expert witnesses inspect to determine if all the membrane coating applied by Appalachian needs to be removed . . . ." *Id.* It further claims "discovery is necessary to identify the location, extent,

age, and cause of any insulation damages as well as expert review as to scope, causation, and pricing . . . ." *Id.* Since the substance of Plaintiff's new disclosure is highly technical, Profoam's prediction about the amount of discovery necessary seems much more accurate.

*Third*, since curing the untimely disclosure would require substantial additional discovery, the Court would need to delay trial if it allowed Plaintiff to use Southern Ohio Renovations's report.

*Fourth*, as Plaintiff acknowledges, the evidence at issue "is highly important . . . ." Pl.'s Resp. 3. *See Deque Sys. Inc. v. Browserstack, Inc.*, 177 F.4th 585, 596 (4th Cir. 2026) ("[T]he more important the evidence, the more important it is for the proponent to disclose the evidence in a timely manner because it is more likely to prejudice the opposing party." (quoting *Benjamin v. Sparks*, 986 F.3d 332, 342 (4th Cir. 2021))).

*Fifth*, 7827 Tennis's explanation for its untimely disclosure is weak. It claims it "did not possess the quote for future repairs until June 30, 2026." Pl.'s Resp. 3. But it does not explain why it could not secure a quote earlier or why its repair costs ballooned. Its expert was hired and performing repair and inspection services throughout the litigation. Nor does Plaintiff explain why it did not disclose the quote to Profoam until three weeks after it received it.

Since none of the *Sherman-Williams* factors suggests 7827 Tennis's noncompliance was substantially justified or harmless, the Court will grant Profoam's Motion.

### CONCLUSION

The Court **GRANTS** Profoam's Motion to Exclude Plaintiff's Untimely Post-Discovery Roof Replacement Opinion and Repair Estimate (ECF No. 81). The Court **ORDERS** Plaintiff not to introduce or elicit evidence or testimony regarding Southern Ohio Renovations's report, complete roof replacement, or insulation replacement. The Court further **ORDERS** Plaintiff not

to introduce or elicit any opinion that (1) it would be infeasible to install a coating overlay on Plaintiff's roof or (2) the coating membrane Appalachian applied must be removed or replaced.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:    August 5, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE